IN THE DISTRICT IN AND FOR WAGONER COUNTY
STATE OF OKLAHOMA

MARTHA HERNANDEZ on behalf of herself )
And others similarly situated, )
 )
            Plaintiff, )
 )
-v- )    CJ-14-300
 ) Case No. ~~CIV~~-14-_____
UNARCO INDUSTRIES, INC., )
 )
            Defendant. )

## COMPLAINT IN CASS ACTION – EMPLOYMENT DISCRIMINATION

### JURISDICTION AND VENUE

1. This is a class action for declaratory relief, injunctive relief and damages to redress the deprivation of rights secured to the Plaintiff and the class she represents,

2. The jurisdiction of this Court is invoked to secure protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C.A. §§ 2000e et seq.) and (Title 25 O.S. 1301, et seq.) providing for injunctive and other relief against discrimination in employment on the basis of race, religion, sex and national origin; the Thirteenth Amendment to the United States Constitution and 42 U.S.C.A. § 1983, providing for the redress of deprivation of rights under color of law; 42 U.S.C.A. § 1985, providing for relief from conspiracy to deprive persons of their civil rights.

3. The unlawful employment practices alleged below were and are being committed within Wagoner County, State of Oklahoma.

### PARTIES

4. Plaintiff, Martha Hernandez, is an Hispanic resident of Wagoner County. At all times herein, Plaintiff was an employee of the Defendant.

5. Defendant, UNARCO Industries, Inc. has continuously been and is now a corporation doing business in Wagoner County, Oklahoma, where it is engaged in the repair of shopping carts. UNARCO Industries, Inc. has continuously and does now employ more than fifteen persons.

6. Since at least 1980, the Company has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C.A. § 2000e(b), (g), and (h).

## CLASS ACTION

7. Plaintiff brings this action on behalf of herself and all other persons similarly situated pursuant to 12 O.S.§2033. The class that Plaintiff represents is composed of Hispanic female persons who are now, have been, might have been or might become employed, were employed, might have been employed or might become employed by UNARCO at its plants and offices since 1980 or before, and who have been, and continue to be or might be adversely affected by the practices complained of in this complaint. There are common questions of law and facts affecting the rights of the members of this class who are, were, and continue to be limited, classified, and discriminated against in ways which deprive them of equal employment opportunities and otherwise adversely affect their status as employees or union members because of their race, sex, and/or national origin. These common questions predominate over any questions affecting only individual members of this class. These persons are so numerous that joinder of all members is impracticable. A common relief is sought. The interests of this class are adequately represented by Plaintiff. Defendant has acted or refused to act on grounds generally applicable to the class. Under these circumstances, the common interests of the class are such that any interest of the individual members of the class is completely out-weighed by the desirability of concentrating the controversy in a single forum and a class action is superior to any other available method for the fair and efficient adjudication of this controversy.

## ADMINISTRATIVE PROCEDURE

8. Within 180 days of the occurrence of the acts of which Plaintiff complains, charges of employment discrimination were filed with the Equal Employment Opportunity Commission (EEOC) by Plaintiff on or about May 27, 2014, against UNARCO Industries, Inc.

9. On June 6, 2014, Plaintiff received a Notice of Right to Sue from the District Office of the EEOC entitling them to institute a civil action in state or federal court within ninety (90) days of the date of receipt of the notice.

## STATEMENT OF CLAIM

10. The discriminatory practices include, but are not limited to, the following:

A. Maintaining job classifications segregated on the basis of sex;

B. Failing to recruit and hire Hispanic female employees because of their national origin;

C. Failing to transfer and promote qualified Hispanic female employees because of their national origin;

D. Unlawfully discharging Hispanic female employees because of their national origin;

E. Maintaining policies and practices with respect, but not limited to, wages, job assignments and other terms and conditions of employment which unlawfully operate to deny equal opportunities to Hispanic females because of their sex;

F. Maintaining policies and practices with respect, but not limited to wages, lay off, recall, job assignments and other terms and conditions of employment which unlawfully operate to deny equal opportunities to Hispanic females because of their national origin;

G. Maintaining policies and practices which utilize subjective non-job related hiring criteria, which criteria operate to disparate and adversely affect Hispanic females because of their race, sex and natural origin.

H. Maintaining policies and practices which adversely affect Hispanic female employees because of their national origin, race, or sex;

I. Failing and refusing to provide training for females because of their sex for positions for which sex is not a bona fide occupational qualification;

J. Failing to transfer and promote qualified Hispanic female employees because of their national origin.

K. Fostering and creating a *defacto* policy and culture designed to prevent Hispanic female employees from making valid claims for health insurance benefits.

11. The effect of the policies and practices complained of herein has been to deprive Hispanic female persons of equal employment opportunities and otherwise adversely to affect their status as employees because of their race, national origin, or sex.

12. As a further result of Defendant's actions, Plaintiff and the class she represents who are employed or who were employed or who might have been employed by UNARCO have been and are being deprived of income in the form of wages and of prospective retirement benefits, Social Security, and other benefits due to them as workers solely because of their race, national origin, or sex, in a sum to be proven at trial.

13. Plaintiff and the class she represents are now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages as set forth in this complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays this Court:

1. Issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein violated Plaintiff and the class rights as secured under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C.A. §§ 2000e et seq.); the Thirteenth Amendment to the United States Constitution and 42 U.S.C.A. § 1981; the Fourteenth Amendment to the United States Constitution and 42 U.S.C.A. § 1983; 42 U.S.C.A. § 1985;

2. Grant Plaintiff and the class she represents a permanent injunction enjoining UNARCO, its officers, agents, successors, employees, attorneys, assigns and other representatives, and all those acting in concert with them at their direction, from engaging in any employment policy or practice which discriminates against any employee or member or applicant for employment or applicant for membership on the basis of race, national origin, or sex;

3. Order UNARCO to make whole those persons adversely affected by the policies and practices described herein by providing appropriate back pay and reimburse for lost retirement, Social Security, experience, training opportunities and other benefits in an amount to be shown at trial, and other affirmative relief designed to eliminate the effects of the discriminatory practices complained of in this complaint;

4. Grant to Plaintiff and members of the class, judgment against UNARCO for damages for mental distress imposed on these parties through and as a result of the aforementioned discriminatory acts;

5. Grant to Plaintiff and members of the class, judgment against UNARCO for punitive damages commensurate with the wrong and the UNARCO'S ability to pay.

6. Retain jurisdiction over this action to assure full compliance with the Orders of this Court and with applicable law and require Defendant to file such reports as the court deems necessary to evaluate such compliance;

7. Grant Plaintiff and the class she represents their attorney fees, costs, and disbursements; and

8. Grant such additional relief as the court deems proper and just.

Dated: _____.

Respectfully submitted,

/s/ James G. Wilcoxen
James G. Wilcoxen, OBA #9605
Wilcoxen & Wilcoxen
P.O. Box 357
Muskogee, OK   74402-0357
Telephone: (918) 683-6696
Facsimile:  (918) 682-8605
Email: jim@wilcoxenlaw.net