# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTHA HERNANDEZ, on behalf of herself and others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>UNARCO INDUSTRIES, a foreign Limited Liability Company,<br><br>        Defendant. | Case No. CIV-15-001-KEW |

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Amended Complaint (Docket Entry #21). Plaintiff Martha Hernandez ("Hernandez") initiated this action on September 2, 2014 in the District Court in and for Wagoner County, Oklahoma. Defendant Unarco Industries ("Unarco") removed the case to this Court on January 2, 2015. Once the case was removed, Hernandez filed an Amended Complaint. Key to a determination of the subject Motion is a review of the specific allegations in this Amended Complaint.

Hernandez alleges she is a female of Hispanic origin employed by Defendant until her alleged termination after ten years of employment. She brings this action on behalf of herself and a putative class designated as

> Hispanic female persons who are now, have been, might have been or might become employed . . . by Unarco at its plants and offices since 1980 or before, and who have been, and continue to be or might be adversely affected by the practices complained of in this complaint.

Hernandez states that the majority of employees are Hispanic,

most of whom are undocumented aliens. She further alleges that she and the putative class were terminated without fair cause due to their ethnicity and undocumented status. Hernandez alleges Hispanic women working at Unarco (1) do not feel they can use their break time as liberally as non-Hispanics for fear of termination; (2) have been terminated for filing workers compensation claims; (3) have been terminated for using Unarco provided health care benefits; and (4) have been injured on the job but are afraid to use their healthcare or workers compensation for fear of termination.

Hernandez also alleges Unarco has begun hiring temporary service employees without benefits and permitting non-Hispanic workers to be given permanent status after a year but not Hispanic workers. Additionally, Hernandez alleges male supervisory employees have mistreated older Hispanic women, forcing them to do difficult, labor intensive work. The male supervisory employees have also made sexual advances to subordinate female employees.

Hernandez brings this action under Title VII, the Oklahoma Anti-Discrimination Act (Okla. Stat. tit. 25 § 1301 et seq.), and 42 U.S.C. § 1981. She expressly states that the action is based upon discrimination in employment on the basis of race, religion, sex, and national origin. Hernandez seeks (1) declaratory relief finding Unarco in violation of Title VII, Oklahoma law, and Section 1981; (2) a permanent injunction prohibiting Unarco from continuing discriminatory practices; (3) back pay and other monetary relief for class members; (4) damages for mental distress for the class

members; (5) punitive damages; (6) retention of jurisdiction for enforcement of the injunctive relief; and (7) attorney's fees and costs.

Through the pending Motion, Unarco contends Hernandez's claims failed to meet the plausibility standard enunciated in United States Supreme Court cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Unarco contends the Amended Complaint lacks legally supportive facts to be maintained.

Clearly, Bell Atlantic changed the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6), creating a "refined standard" on such motions. Khalik v. United Airlines, 671 F.3d 1188, 1191 (10th Cir. 2012)(citation omitted). Bell Atlantic stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) quoting Bell Atlantic, 550 U.S. at 570. The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Bell Atlantic, 550 U.S. at 546.

The Tenth Circuit has interpreted the plausibility standard as

referring "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). The Bell Atlantic case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2). Khalik, 671 F.3d at 1191. Rather, in Khalik, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the case of Erickson v. Pardus, 551 U.S. 89 (2007) wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 93. It is against this backdrop that the sufficiency of Hernandez's Amended Complaint is evaluated.

Unarco first contends Hernandez was given an opportunity to amend the Complaint by this Court but still failed to provide facts specific to Hernandez rather than the uncertified class. This statement is not entirely accurate. This Court conducted a Scheduling Conference on February 26, 2015. At the Conference, Hernandez's counsel requested leave to amend the Complaint in an attempt to circumvent the arguments raised in Unarco's original motion to dismiss. *See* Minute Sheet, Docket Entry #16. As a part of the normal scheduling process, the parties were given a deadline to amend all pleadings or join additional parties. *See* Scheduling Order, Docket Entry #17. This process was not a case where the

4

merits of Unarco's motion to dismiss were evaluated by the Court, the Complaint was found lacking, and Hernandez was given an opportunity to cure the deficiencies which the Court identified in a ruling on the motion. The process had not advanced to that point as yet.

A review of the Amended Complaint reveals that Hernandez has provided more generalized factual allegations which might apply to the class as a whole but the case has not and cannot proceed to that stage. Hernandez must first establish her claims as a representative of the class - which may or may not be certified in the future. This Court agrees with Unarco that the required supportive facts for Hernandez's discrimination claims are lacking to the point of being illusory and implausible as stated, even at this early stage of the proceedings. In employment discrimination cases, a plaintiff must go beyond mere recitals of discriminatory elements based upon conclusory statements. <u>Khalik v. United Air Lines</u>, 671 F.3d 1188, 1193 (10th Cir. 2012). Hernandez will be given an opportunity to further amend the Complaint to correct this deficiency.

Unarco also seeks dismissal of the claim based in 42 U.S.C. §1981 since it does not support sex based discrimination. Unarco is correct that Section 1981 has been interpreted in this Circuit as only a race-based discrimination statute and does not apply to religious or gender based discrimination. <u>Runyon v. McCrary</u>, 427 U.S. 160, 167 (1976); <u>Shapolia v. Los Alamos Nat'l Lab.</u>, 992 F.2d 1033, 1036 n. 3 (10th Cir. 1993); <u>Manzanares v. Safeway Stores,</u>

5

Inc., 593 F.2d 968, 971 (10th Cir. 1979). Hernandez's citation to Carney v. City and County of Denver, 534 F.3d 1269 (10th Cir. 2008) does not further her cause. The claims in Carney were strictly based in racial discrimination and retaliation under Section 1981. Id. at 1271. Again, this brings to light the carelessness of language which Hernandez has employed in the Amended Complaint which should be remedied in a further amendment.

Unarco also alleges that Hernandez failed to exhaust the administrative remedies on all of her claims except the wrongful termination claim because her EEOC charge was limited to that claim. Additionally, Unarco contends that the charge was only brought on behalf of Hernandez individually and not on behalf of other similarly situated class members. As a result, Unarco asserts this Court lacks subject matter jurisdiction over the non-exhausted claims.

Hernandez's EEOC Charge of Discrimination was submitted May 22, 2014 and states as its basis

> On February 7, 2014, I was threatened with suspension and fired without justification. A company supervisor named Javier unjustifiably accused me of failing to keep my work area clean. To the contrary, my work area was clean. I have been a good employee of UNARCO for more than ten (10) years. Other Hispanic women have been mistreated at work based on race and sex.
>
> I believe that I have been discriminated against based on race, national origin and sex, a violation of Title VII of the Civil Rights Act of 1964, as amended.

Hernandez asserts the reference to "other Hispanic women" is sufficient to put Unarco on notice of the class claims. This Court

disagrees. The case authority requires a separate and distinctly class designated charge.

The Tenth Circuit held that "class action claims [are] barred [by] failure to exhaust class administrative remedies." Gulley v. Orr, 905 F.2d 1383, 1385 (10th Cir. 1990). Since Gulley, the Tenth Circuit has maintained that exhaustion of administrative remedies on individual claims will not suffice to satisfy the exhaustion requirement as to class claims. *See* Ransom v. U.S. Postal Serv., 170 Fed.Appx. 525, 528 (10th Cir. 2006)("The brief reference made [in the administrative complaint] to the maltreatment of other employees did not qualify as a class complaint. Therefore, any request for counseling pursuant to those claims was for individual counseling only and cannot satisfy the counseling requirement for class claims."); Barrett v. Rumsfeld, 158 Fed.Appx. 89, 92 (10th Cir. 2005)("Plaintiffs' individual agency complaints, if any, are inadequate to support jurisdiction over their class complaint because administrative exhaustion of individual Title VII claims is not sufficient to exhaust administrative remedies for class claims[.]"); Monreal v. Potter, 367 F.3d 1224, 1233 (10th Cir. 2004)("[W]e have held that class claims cannot be exhausted through an *individual* complaint[.]")(emphasis in original); Persons v. Runyon, 172 F.3d 879 (Table), 1999 WL 104427, at *2 (10th Cir.)("[W]e have consistently held that 'exhaustion of individual administrative remedies is insufficient to commence a class action in federal court . . . one of the named plaintiffs must have exhausted class administrative remedies' ") (quoting Gulley v. Orr,

7

905 F.2d at 1385); Belhomme v. Widnall, 127 F.3d 1214, 1217 (10th Cir. 1997)("A federal employee must exhaust his class action claim with the EEOC before raising it in federal court, and exhaustion of an individual Title VII claim is not sufficient to exhaust a class action claim."). As a result, Hernandez's class based claims cannot be pursued in this Court as she failed to exhaust the administrative remedy, thereby depriving this Court of jurisdiction over those claims.

Unarco also contends Hernandez failed to exhaust her claims other than those arising from her termination. On this point, this Court disagrees with the movant. Hernandez's charge is sufficiently broad to encompass other forms and instances of racial and sexual discrimination than just the termination of her employment. Hernandez is forewarned, however, that the lack of sufficient specificity in the facts and circumstances of the discrimination claims she asserts against Unarco will imperil the viability of her claims as further amendment will not be allowed, absent exigent circumstances.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Amended Complaint (Docket Entry #21) is hereby **GRANTED**, in part, in that the claims asserted on behalf of the putative class are hereby **DISMISSED** for the failure to exhaust required administrative remedies. The remainder of the Motion is hereby **DENIED**.

IT IS FURTHER ORDERED that Hernandez file a Second Amended Complaint, reflecting the requirements set forth in this Opinion

and Order no later than **APRIL 11, 2016**.

IT IS FURTHER ORDERED that a telephonic Scheduling Conference be conducted in this case on **MAY 26, 2016 at 2:30 p.m.** The Court will initiate the telephone conference call.

IT IS SO ORDERED this 30th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE