**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

MARTHA HERNANDEZ, on behalf of )
herself and others similarly )
situated, )
                               )
            Plaintiff, )
                               )
v. )     Case No. CIV-15-001-KEW
                               )
UNARCO INDUSTRIES, a foreign )
Limited Liability Company, )
                               )
            Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Docket Entry #34). The beginnings of this case has suffered through a series of fits and starts. As this Court has set out in several instances in previous Orders but is in need of repeating, Plaintiff Martha Hernandez ("Hernandez") initiated this action on September 2, 2014 in the District Court in and for Wagoner County, Oklahoma. Defendant Unarco Industries ("Unarco") removed the case to this Court on January 2, 2015. After Unarco filed a Motion to Dismiss, Hernandez filed an Amended Complaint. Unarco then filed a Motion to Dismiss related to the allegations and claims asserted in the Amended Complaint. On March 30, 2016, this Court entered an Opinion and Order on Unarco's Motion, finding (1) Hernandez's discrimination claims based in Title VII lacked factual foundation in the Amended Complaint; (2) Hernandez's claim based in 42 U.S.C. § 1981 was not supported in the facts as a race-based claim; (3) Hernandez failed to exhaust her administrative remedies on the

class-based claims; and (4) Hernandez had sufficiently exhausted her administrative remedies with regard to her racial and sexual discrimination claims. As a result, Hernandez's class claims were dismissed and she was given an opportunity to amend the Complaint once again to cure the deficiencies in the factual allegations supporting the discrimination claims.

To that end, Hernandez filed a Second Amended Complaint. This Court is required to once again review the factual allegations and legal claims for their sufficiency and plausibility.

Hernandez alleges she is a female of Hispanic origin employed by Defendant until her alleged termination on February 7, 2014 after ten years of employment. She states that she was terminated "because she was a full-time Hispanic female worker" and that "Unarco has terminated all full time Hispanic workers who do not have adequate documentation."

Hernandez states Hispanic female employees, including her, cannot use their break time, cell phones, or file worker's compensation claims when injured as non-Hispanic employees do for fear of being terminated. Hernandez then sets out a list of fourteen Hispanic employees of Unarco who have been terminated for using their healthcare benefits. Hernandez is not among the employees listed. She concludes, however, by stating "Plaintiff was afraid to use her health benefits for fear of termination."

Hernandez asserts in the Second Amended Complaint that Unarco has begun hiring temporary service employees without benefits in lieu of full time employees with benefits and permitting non-

Hispanic workers to be given permanent status after a year but not Hispanic workers. She alleges that she was a full time, undocumented, female Hispanic employee with benefits making her more vulnerable to termination. Female Hispanic workers were also allegedly laid off first, including Plaintiff. Additionally, Hernandez alleges male supervisory employees have mistreated older subordinate Hispanic women, forcing them to do difficult, labor intensive work. The male supervisory employees have also made sexual advances to subordinate female employees and identifies an employee who was allegedly terminated for reporting this conduct to management. Hernandez alleges that she was caused "stress knowing it could happen to her." She further alleges that management used coming in late to work as a pretext to fire despite her not having a history of being late while allowing non-Hispanic workers to be late "without consequences."

Hernandez also includes allegations that (1) male supervisors allowed non-Hispanic mail workers preferences in clocking in and out, work breaks, smoke breaks, and cell phone use such that female, Hispanic workers had to return to work immediately under fear of termination but non-Hispanic male workers did not; (2) male supervisors repeatedly offered overtime to non-Hispanic male employees even though Hernandez and other female, Hispanic employees were available to work. Male workers had to turn down the overtime before Hernandez would get it. Hernandez alleges this has worked to her financial detriment; (3) male supervisors reduced Hernandez's pay on the pretext that she had been receiving the pay

3

of an overseer when she did not; (4) male co-workers swore at Hernandez but, when reported, management ignored her; (5) Hernandez reported excessive cell phone use by male non-Hispanic employees to management only to be told not to pay attention to it; and (6) Hispanic workers, including females, were always given the most hazardous jobs, including pipe bending and cutting resulting in injuries to the workers.

Hernandez brings this action under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e, *et seq.*) and the Oklahoma Anti-Discrimination Act (Okla. Stat. tit. 25 § 1301 et seq.). She expressly states that the action is based upon discrimination in employment on the basis of race, religion, sex, and national origin. Hernandez seeks (1) declaratory relief finding Unarco in violation of Title VII and Oklahoma law; (2) a permanent injunction prohibiting Unarco from continuing discriminatory practices; (3) Unarco to "make whole those persons adversely affected by the policies and practices" which were discriminatory to the female, Hispanic employees, including back pay and reimbursement for lost benefits; (4) damages for mental distress; (5) punitive damages;(6) retention of jurisdiction for enforcement of the injunctive relief; and (7) attorney's fees and costs.

Through the pending Motion, Unarco again contends Hernandez's claims failed to meet the plausibility standard enunciated in United States Supreme Court cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662

(2009). Unarco centers on the fact that the factual allegations in the Second Amended Complaint are too vague and do not relate to actions taken against Hernandez herself.

Unarco first urges that this Court should dismiss any claims which Hernandez may be asserting on behalf of others. Indeed, Hernandez appears to have unsuccessfully massaged the allegations in the Amended Complaint, which contained class action references, without completely removing all of the references to Unarco's alleged discriminatory actions against others. This Court previously dismissed the claim for class action status. To the extent Hernandez asserts claims against Unarco on behalf of other female Hispanic workers, those claims are dismissed in accordance with the prior Opinion and Order. To the extent they represent mere background to the allegations supporting Hernandez's individual claims, the factual allegations concerning others adds little to the required pleading of a factual basis for her claims but do not warrant striking or dismissal of Hernandez's claims.

Unarco next contends the allegations pertaining to Hernandez individual claims are entirely conclusory. Without striving to be repetitive, the legal framework to evaluate Hernandez's claims remains clear. Bell Atlantic requires that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) quoting Bell Atlantic, 550 U.S. at 570.

The Tenth Circuit has provided guidance in interpreting the

plausibility standard as referring "to the scope of the allegations in the complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008).  The Bell Atlantic case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2). Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). Rather, in Khalik, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the case of Erickson v. Pardus, 551 U.S. 89 (2007) wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 93.

Certainly, in considering the sufficiency of Hernandez's Complaint an evaluation of "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim."  Khalik, 671 F.3d at 1192.  Title VII precludes the discharge or discrimination against any individual in conditions of employment because of their race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1).  Under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), Hernandez is required to show a prima facie case of discrimination by establishing (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3)

she qualified for the position at issue; and (4) she was treated less favorably than others not in the protected class. Khalik, 671 F.3d at 1192 citing Sanchez v. Denver Pub. Sch., 164 F.3d 527, 531 (10th cir. 1998).

Hernandez has alleged that she is a member of the protected classes based upon her sex, her race, and her national origin. She alleged that she suffered adverse employment actions in less favorable treatment while she was employed in the conditions of her employment and in her termination. She worked in the position for at least ten years so she presumably was qualified for the position for which she was employed. Hernandez has also alleged she was treated less favorably than non-members of the protected classes in which she belongs. Unarco's challenges to Hernandez's statements as "conclusory" require a level of specificity not legally mandated by the latest case authority. To be sure, Hernandez's Second Amended Complaint is not a model of clarity and contains a multitude of facts which do not assist in the establishment of her claims. But it is also not so deficient to be considered lacking plausibility and places Unarco on sufficient notice of the claims asserted against it.

Unarco also asserts Hernandez has only set forth conclusory allegations in support of her claim for wrongful termination. Hernandez has alleged she was "terminated without fair cause", "on the pretext that she had failed to keep her work area clean", and "was terminated because she was a full-time Hispanic female worker." *Second Amended Complaint*, ¶ 8. Again, while this

7

statement is sparse on specificity, Hernandez has set forth facts actionable under Title VII.

Finally, Unarco contends Hernandez failed to adequately plead "any other disparate treatment claims", challenging the litany of allegedly discriminatory practices Hernandez set forth in the Second Amended Complaint. This more generalized objection is best ferreted out through the crucible of discovery and subsequent dispositive motion practice rather than at this early stage of the litigation.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Docket Entry #34) is hereby **GRANTED**, in part, in that the claims asserted on behalf of others to the extent Hernandez intended to do so are hereby **DISMISSED**. The remainder of the Motion is hereby **DENIED**.

IT IS SO ORDERED this 23rd day of January, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE